IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

SEAN MICHAEL SCOTT, §
Reg. No. 37543-013, §
    Petitioner, §
§
v. § EP-17-CV-111-FM
§
SCOTT WILLIS, Warden, §
    Respondent. §

## MEMORANDUM OPINION AND ORDER

Sean Michael Scott seeks relief from his federal sentence through an amended *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 3). After reviewing the record and for the reasons discussed below, the Court will *sua sponte* dismiss the petition, pursuant to 28 U.S.C. § 2243.[1]

Scott, a prisoner at the La Tuna Federal Correctional Institution in Anthony, Texas,[2] was sentenced to 120 months' imprisonment by the United States District Court for the District of Colorado in cause number 1:11-CR-68-JLK after he pleaded guilty, pursuant to a plea agreement,[3] to two counts of possessing child pornography.[4] Although Scott did not file a direct appeal, he did submit a motion to vacate his sentence under 28 U.S.C. § 2255.[5] He claimed his counsel provided ineffective assistance by

---

[1] 28 U.S.C. § 2243 (2012) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[3] Plea Agreement, ECF No. 18, *United States v. Scott*, 1:11-CR-68-JLK, D. Colo.

[4] J. Crim. Case, ECF No. 36, *United States v. Scott*, 1:11-CR-68-JLK, D. Colo.

[5] Mot. Under 28 U.S.C. § 2255, ECF No 38, *United States v. Scott*, 1:11-CR-68-JLK, D. Colo.

-1-

(1) not advising him about or obtaining a "binding" plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C); (2) not warning him that the district court could deny him a reduction for acceptance of responsibility; and (3) exercising poor judgment because he was in bad health in the weeks leading up to the sentencing hearing.[6] The Colorado District Court found Scott's theories of ineffective assistance fatally flawed, and denied the motion.[7]

In his § 2241 petition, Scott asserts (1) the trial court erred when it did not admonish him that he could withdraw from the plea agreement when it rejected a non-binding recommendation, made under Federal Rule of Criminal Procedure 11(c)(1)(B), to sentence him to 97 months' imprisonment; (2) his counsel provided constitutionally ineffective assistance; and (3) the trial court abused its discretion when it imposed a lifetime of supervised release.[8]

"A section 2241 petition for habeas corpus on behalf of a sentenced prisoner attacks the manner in which his sentence is carried out or the prison authorities' determination of its duration."[9] To prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[10] A § 2241 petitioner may make this attack only in the district court with jurisdiction over his custodian.[11]

---

[6] *Id.* at 6-11.

[7] Order on § 2255 Mot., ECF No. 53, *United States v. Scott*, 1:11-CR-68-JLK, D. Colo.; *see also United States v. Scott*, 609 F. App'x 550 (10th Cir. 2015) (denying Scott's implied request to file a second or successive § 2255 motion).

[8] Pet'r's Pet. 16, ECF No. 3.

[9] *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted).

[10] 28 U.S.C. § 2241(c) (2012).

[11] *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

By contrast, a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'"[12] Relief under § 2255 is warranted for errors that occurred at trial or sentencing.[13] A § 2255 petitioner may only bring his motion in the district of conviction and sentence.[14]

Section 2255 does contain a "savings clause," which acts as a limited exception to these general rules. It provides that a court may entertain a petition for a writ of habeas corpus challenging a federal criminal conviction if it concludes that filing a § 2255 motion is inadequate to challenge a prisoner's detention.[15] A petitioner must satisfy a two-prong test before he may invoke the "savings clause" to address errors occurring at trial or sentencing in a petition filed pursuant to § 2241:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.[16]

---

[12] *Pack*, 218 F.3d at 451 (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).

[13] *See Cox*, 911 F.2d at 1114 (5th Cir. 1990) ("The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255."); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997) ("Because all of the errors Ojo alleges [occurred before or during sentencing], they must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him."); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131 (5th Cir. 1987) (explaining that, because defendant's claims attacked the constitutionality of his conviction and proof of his claims would undermine the validity of his conviction, his exclusive initial remedy was a motion under § 2255).

[14] *Pack*, 218 F.3d at 452.

[15] *See* 28 U.S.C. 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*") (emphasis added).

[16] *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

A petitioner must prove both prongs to successfully invoke the savings clause.[17] Thus, § 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.[18]

The first prong of the test is, essentially, an "actual innocence" requirement whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."[19] To meet the first prong, a petitioner must rely on a *retroactively* applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense.[20] Scott "invokes *Fowler v. United States*, 563 U.S. 668 (2011), to establish the fact that the conduct for which he was convicted was not criminal."[21] *Fowler* interpreted the federal witness tampering statute, not the federal child pornography statutes, and was decided on May 26, 2011, well before the Colorado District Court entered its judgment in Scott's case on February 13, 2012.[22] Thus, Scott has not identified a *retroactively* applicable Supreme

---

[17] *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005).

[18] *Reyes-Requena*, 243 F.3d at 901 (citing *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 214 (5th Cir. 2000)).

[19] *Id.* at 903.

[20] *Id.* at 904 (emphasis added).

[21] Pet'r's Pet. 18.

[22] *See Fowler v. United States*, 563 U.S. 668, 677–78 (decided May 26, 2011) ("We consequently hold that (in a case such as this one where the defendant does not have particular federal law enforcement officers in mind) the Government must show *a reasonable likelihood* that, had, *e.g.*, the victim communicated with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer. That is to say, where the defendant kills a person with an intent to prevent communication with law enforcement officers generally, that intent includes an intent to prevent communications with *federal* law enforcement officers only if it is reasonably likely under the circumstances that (in the absence of the killing) at least one of the relevant communications would have been made to a federal officer."); J. Crim. Case, ECF No. 36, *United States v. Scott*, 1:11-CR-68-JLK, D. Colo. (entered February 13, 2012).

Court decision which establishes that he may have been convicted of a nonexistent offense. Scott's claims fail to satisfy the first prong. Moreover, Scott cannot satisfy the second prong of the test. He has not shown his claims were foreclosed at the time he should have raised them in a direct appeal or § 2255 motion. Thus, Scott has not met his burden of showing that the § 2255 remedy is inadequate or ineffective.

Since Scott's claims do not meet the stringent requirements of the savings clause, the Court will not allow him to proceed with this claim pursuant to § 2241. The Court will dismiss Scott's petition as frivolous, and to the extent that Scott's petition may be construed as a § 2255 motion, the Court will dismiss it for lack of jurisdiction.[23] Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Sean Michael Scott's amended *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 3) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT.**

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this 12 day of May, 2017.

FRANK MONTALVO
UNITED STATES DISTRICT JUDGE

---

[23] *Ojo*, 106 F.3d at 683.